UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA CORRECTIONAL<br> INSTITUTION CONFINEMENT SHU,<br><br>          Defendants.<br>_____/ | CV F   06-485 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1) |

   Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Plaintiff filed the instant action on April 25, 2006.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Court has examined the Complaint and finds that it not only fails to state a claim for relief but that the allegations are frivolous.  A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).

Plaintiff alleges that the Defendants, all of whom have been identified solely by their job titles of Director, Warden, Asst. Warden, Captain and Lieutenant, are "in a conspiracy watching [Plaintiff] night and day from a wall camera from [the] neighboring cell . . ." (Complaint at 5.) Plaintiff also contends that the named Defendants have placed on him "some kind of mind device machine know what I think, what I read, what I write."  Id. Plaintiff alleges further that the Defendants and all inmates harass him every day and night threaten to kill him.  Id.

Even construing these allegations in the light most favorable to Plaintiff, his allegations have no basis in fact or law.  Plaintiff has failed to link any of his claims to any named Defendant. Rizzo v. Goode, 423 U.S. 362 (1976).  Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff also requests 6 million dollars in compensatory damages and 6 million dollars in punitive damages.  The amount of monetary damages requested by a prisoner proceeding in forma pauperis has been held relevant to a frivolity determination.  Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2005.)  Other than the amount of monetary damages requested in this action, Plaintiff's allegations are identical to previously filed cases, Weaver v. CCI, CV F 06-429 AWI SMS P, Weaver v. CCI, CV F 06-441 OWW SMS P, Weaver v. CCI, CV F 06-471 AWI LJO P.

1  The Court finds that the deficiencies outlined above are not capable of being cured by
2  amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii);
3  <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court
4  RECOMMENDS that the instant case be DISMISSED in its entirety as DUPLICATIVE of case
5  nos. CV F 06-429 AWI SMS P,CV F 06-441 OWW SMS P, and CV F 06-471 AWI LJO P,
6  FAILS TO STATE A CLAIM upon which relief can be granted and because the allegations made
7  are FRIVOLOUS.
8  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
9  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
10 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
11 Court, Eastern District of California. Within TWENTY (20) days after being served with a copy
12 of this Report and Recommendation, any party may file written objections with the Court and
13 serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
14 Judge's Findings and Recommendations." Replies to the Objections shall be served and filed
15 within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.
16 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
17 The parties are advised that failure to file objections within the specified time may waive
18 the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
19 1991).
20 IT IS SO ORDERED.
21 **Dated:   May 18, 2006**          /s/ Lawrence J. O'Neill
   b9ed48                       UNITED STATES MAGISTRATE JUDGE